IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUBBA RAO CHALAMALESETTY, <br><br> Plaintiff, <br><br> vs. <br><br> UR M. JADDOU, U.S. Citizenship and Immigration Services, and ANTONY M. BLINKEN, Secretary, U.S. Department of State, <br><br> Defendants. | 4:22-CV-3182 <br><br> MEMORANDUM AND ORDER |

The plaintiff is an Indian citizen living in Iowa, who filed Form I-485 with U.S. Citizenship and Immigration Services ("USCIS")—"Application to Register Permanent Residence or Adjust Status." Filing 15 at 1, 13-14. In other words, the plaintiff applied for a "green card." But applicants face lengthy wait times for their applications to be processed, due to USCIS backlogs. *See* filing 15. Understandably frustrated with that, the plaintiff filed this lawsuit.

The plaintiff's operative amended complaint now asserts a few different claims for relief. The first two are based on allegations that the government has unlawfully withheld processing of green card applications "based on an ultra vires, unlawful, or illegal policy, requiring an immigrant visa to be current or immediately available at the time of approval of the application." Filing 15 at 20-21. The third claim for relief is premised on allegedly unreasonable delay in processing green card applications. Filing 15 at 21.

The government has filed a motion to dismiss under a number of rules: Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 56. Filing 29. The Court agrees with the government that jurisdiction is lacking over the plaintiff's claims, and will dismiss them pursuant to Rule 12(b)(1).

STANDARD OF REVIEW

A motion pursuant to Rule 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The Court must distinguish between a "facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id.*; *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

Although the government has adduced evidence relevant to both jurisdiction and the merits, the issue the Court finds dispositive is a question of statutory interpretation presented by the face of the pleadings. Accordingly, the Court has resolved this case on a facial attack.

DISCUSSION

The Court has confronted these jurisdictional issues before. *See Bansal v. U.S. Citizenship & Immigr. Servs.*, No. 4:21-CV-3203, 2021 WL 4553017, at *1 (D. Neb. Oct. 5, 2021). As the Court previously explained at length:

The APA confers a right to judicial review on "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "[A]gency action" includes "failure to act." 5 U.S.C. § 551(13). And a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But other statutes can preclude judicial review, and judicial review is unavailable when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). A claim under § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 124 S. Ct. 2373, 2379 (2004). "[D]elay cannot be unreasonable with respect to action that is not required." *Id.* at 2379 n.1.

Furthermore, specific to immigration: issuance of a employment-based green card occurs pursuant to 8 U.S.C. § 1255(a), and "no court shall have jurisdiction to review... any judgment regarding the granting of relief under section... 1255[.]" 8 U.S.C. § 1252(a)(2)(B)(i). Nor does the Court have jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under [subchapter II of the Immigration and Naturalization Act (INA), 8 U.S.C. §§ 1151-1382] to be in the discretion of the Attorney General or the Secretary of Homeland Security." § 1252(a)(2)(B)(ii).

The issue presented by these statutes is whether issuance of a green card—that is, adjustment of status to that of permanent

resident—is a discretionary decision. And § 1255(a) provides that the status of an alien may be adjusted

> by the Attorney General, *in his discretion and under such regulations as he may prescribe*, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

It's hard to imagine statutory language that would more clearly describe a discretionary decision, and when a statute specifies that a decision is wholly discretionary, regulations or agency practice will not make the decision reviewable. *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016).

*Bansal*, 2021 WL 4553017, at *5.

Those statutes haven't been amended. In an effort to change the Court's mind, the plaintiff relies on the Supreme Court's subsequent decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022). Filing 34-1 at 5-7. *Patel* doesn't carry the weight the plaintiff thinks—quite the opposite.

At issue in *Patel* was whether § 1252(a)(2)(B)(i) precludes judicial review of the Attorney General's decision to grant or deny a noncitizen's application for relief from removal. 142 S. Ct. at 1619. The immigration judge in that case had denied the applicant's request based on factual findings about his behavior. *Id*. at 1620. The Eleventh Circuit found it lacked jurisdiction over

the applicant's appeal, concluding that the immigration judge's factual findings were a "judgment regarding the granting of relief" within the meaning of § 1252(a)(2)(B)(i). But the applicant petitioned for certiorari, arguing that a "judgment" insulated from judicial review is only "the *ultimate* decision to grant or deny adjustment of status"—not "any subsidiary decisions regarding an applicant's eligibility to be considered for relief." *Id.* at 1621.

The Supreme Court rejected that argument, holding that "§ 1252(a)(2)(B)(i) encompasses not just 'the granting of relief' but also any judgment relating to the granting of relief." *Id.* at 1622. That, the Court held, plainly included factual findings.

The plaintiff here takes that holding and runs with it, asserting that the Court "found that § 1252(a)(2)(B)(i) precludes review only of 'judgments' of fact underlying adjustment of status denials in removal proceedings." Filing 34-1 at 6. Where the plaintiff got the word "only" is something of a mystery. The Court, in fact, spoke to the broader implications of its narrow holding, because the applicant had argued that the Court's interpretation of § 1252(a)(2)(B)(i) would "have the unintended consequence of precluding all review of USCIS denials of discretionary relief." *Patel*, 142 S. Ct. at 1626. "Those decisions," the Court explained, "are made outside of the removal context," and the applicant argued that "[i]f the jurisdictional bar is broad . . . USCIS decisions will be wholly insulated from judicial review." *Id.*

The Court sidestepped that argument, but didn't exactly reject the implication. The Court said,

> The reviewability of such decisions is not before us, and we do not decide it. But it is possible that Congress did, in fact, intend to close that door. [Congress] expressly extended the jurisdictional bar to judgments made outside of removal proceedings at the same

time that they preserved review of legal and constitutional questions made within removal proceedings. And foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief. So it would be difficult to maintain that this consequence conflicts with the statutory structure, and neither [party] goes so far. Instead, they urge us to interpret § 1252(a)(2)(B)(i) to avoid the risk of this result. Yet we inevitably swerve out of our lane when we put policy considerations in the driver's seat. As we have emphasized many times before, policy concerns cannot trump the best interpretation of the statutory text.

*Id.* at 1626-27 (cleaned up).

It's apparent, then, that whatever *Patel* did, it certainly didn't preclude the conclusion that § 1252(a)(2)(B)(i) generally bars judicial review of USCIS' discretionary decisions. *Patel* does nothing to affect the Court's reasoning in *Bansal*, and the plaintiff hasn't convinced the Court to change its mind.

Much depends, in the plaintiff's account, of the distinction between "action" and "inaction." Inaction, the plaintiff suggests, isn't subject to a jurisdictional bar the way that actions are. *See* filing 34-1 at 6-10. But that's mostly—at least in this context—a semantic distinction.[1] No one is alleging that USCIS isn't doing *anything*. Rather, USCIS just isn't working quickly enough, or prioritizing its work in the way the plaintiff would prefer. And the decision to do one thing, at a particular pace, instead of another thing is a

---

[1] And even alleged refusal to act may be protected from judicial intervention. *See United States v. Texas*, 143 S. Ct. 1964, 1978 (2023) (Gorsuch, J., concurring).

discretionary decision insulated from judicial review—not "inaction" with respect to the lower-priority task.

In sum, the Court's statutory analysis in *Bansal* remains the Court's statutory analysis today.[2] As a result, the Court finds that it lacks subject-matter jurisdiction over the plaintiff's claims, and will dismiss them.

IT IS ORDERED:

1. The government's motion to dismiss (filing 29) is granted.

2. The plaintiff's complaint is dismissed without prejudice.

3. The plaintiff's motion for Rule 56(d) relief (filing 32) is denied as moot.

---

[2] The Court indicated as much in denying the plaintiff's motion for a temporary restraining order. Filing 22. The Court is of course aware of the plaintiff's interlocutory appeal from that order. Filing 23. The Court had hoped that the Court of Appeals would resolve that appeal, providing this Court with some guidance on whether its reasoning is sound. But without knowing the Eighth Circuit's timeline, the Court has elected to proceed.

The Court is also aware, of course, of the general principle that an appeal, including an interlocutory appeal, divests the district court of its control over those aspects of the case involved in the appeal. *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023). But while the Court noted the jurisdictional roadblocks to the plaintiff's case in denying preliminary relief, it obviously didn't resolve them—and application of the general rule of jurisdictional divestment, in an appeal of a preliminary injunction order, is limited to those matters involved in the appeal. *GP Indus., LLC v. Bachman*, 514 F. Supp. 2d 1156, 1159 (D. Neb. 2007). The Court is satisfied that it has jurisdiction to determine its own jurisdiction.

4.     A separate judgment will be entered.

Dated this 29th day of September, 2023.

> BY THE COURT:
>
> John M. Gerrard
> Senior United States District Judge